# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABRIEL FONTANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | |
| PACIFIC INDEMNITY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

AND NOW comes Plaintiff Gabriel Fontana, by and through his attorney, Matthew L. Kurzweg, Esq. and Kurzweg Law Offices, and claims damages of Defendant Pacific Indemnity Company. In support thereof, Plaintiff avers as follows:

### PARTIES

1. Plaintiff Gabriel Fontana is an adult individual residing at 1843 Merriman Way, Unit 32-D2, Pittsburgh, Pennsylvania, 15203.

2. Defendant Pacific Indemnity Company is a stock insurance company incorporated in Wisconsin and maintaining an office and principal place of business at 202B Hall's Mills Road, Whitehouse Station, New Jersey, 08889.

### JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

5. This Court has personal jurisdiction over Defendant as it is licensed in Pennsylvania, and further has conducted and continues to regularly conduct business in Pennsylvania.

6.	Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because the property involved in this action is located in this Judicial District and all of the events giving rise to this claim occurred in this Judicial District.

## FACTS

7.	Defendant issued to Plaintiff that certain insurance policy identified by Defendant as Policy No. 1412031001 ("Policy")(a true and correct copy of the Policy is attached hereto as "Exhibit A" and incorporated herein by reference).

8.	The effective period of the Policy was from September 6, 2017 to September 6, 2018, and Plaintiff paid all premiums for the Policy in full, and the Policy was in full force and effect continuously throughout that period, and at all times relevant hereto.

9.	Among other things, the Policy insured the contents located at the residence owned by Plaintiff and located at 843 Merriman Way, Unit 32-D2, Pittsburgh, Pennsylvania, 15203 ("Insured Premises"), as well as other certain itemized articles owned by Plaintiff located at the Insured Premises.

10.	On or about January 22, 2018, a break in and theft occurred at the Insured Premises.

11.	At that time, Plaintiff's insured contents and itemized articles were stolen from the Insured Premises.

12.	The January 22, 2018 break in and theft of Plaintiff's contents and itemized articles is a covered loss under the Policy.

13.	Plaintiff made a claim against the Policy for the covered loss caused by the January 22, 2018 break in and theft.

14. On January 23, 2018, Defendant acknowledged receipt of Plaintiff's claim and assigned it Claim No. 047518003192.

15. Plaintiff filed a police report but has not recovered any of the insured contents or itemized articles stolen in the January 22, 2018 break in and theft

16. At all times relevant hereto, Plaintiff has fully cooperated with Defendant in the processing of his claim, including but not limited to: a) participating in multiple meetings and discussions with Defendant's representatives; b) addressing all of Defendant's inquiries by email, phone, and in person; c) providing a recorded statement to Defendant; d) arranging to provide recorded statements of other witnesses to Defendant; and e) providing Defendant with extensive documentation to support the claim, amount of the claim, and ownership of the insured contents and itemized articles.

17. Among other documentation, Plaintiff submitted a 249-page claim support package that detailed and itemized Seven Hundred Sixty-One Thousand Two Hundred Fifty-Three and 38/100 Dollars ($761,253.38) worth of stolen insured contents and itemized articles, together with supporting spreadsheets tallying the loss, photographs, receipts, and other documents proving the value and ownership of the insured contents and itemized articles.

18. In addition, Plaintiff's claim submission also included photos of belts and shoes that are insured contents under the Policy.

19. Despite Plaintiff's full cooperation in the claim, Defendant has failed to accept, approve and pay the claim, or deny the claim.

20. On April 3, 2018 (approximately two and a half (2 ½) months after Defendant acknowledged receipt of Plaintiff's claim), Defendant for the first time provided Plaintiff with a blank Sworn Statement in Proof of Loss form to complete.

22. On that same date, Defendant requested even more information, an authorization, and advised Plaintiff that it would take Plaintiff's examination under oath on May 8, 2018.

23. Defendant's actions and omissions during the processing of Plaintiff's claim are designed to delay the processing and payment of the claim, or alternatively, reduce the fair amount of the claim or avoid payment of the claim altogether.

24. Plaintiff has provided Defendant all of the information it needs to process and pay Plaintiff's claim in full.

COUNT I – STATUTORY BAD FAITH

25. Paragraphs 1 through 24 are incorporated by reference as though fully set forth at length.

26. By failing to accept, approve or deny the claim, Defendant has acted in bad faith as set forth in 42 Pa.C.S.A. § 8371, generally, and specifically as follows:

    a) By failing to properly investigate, accept, evaluate, review, and pay the claim and claim file upon submission of the claim; and,

    b) By unduly and wrongfully refusing to accept coverage for this claim, when Defendant knew, or should have known, that coverage for this claim was owed to Plaintiff; and,

    c) By failing to follow its own internal claim guidelines and policies regarding the handling of theft claims; and,

    d) By failing to effectuate a prompt and equitable resolution of the claim; and,

    e) By requiring Plaintiff to incur attorney's fees and costs of collection and file a lawsuit to collect Policy claim proceeds which rightfully belong to Plaintiff.

27.     Defendant's actions and failures in failing to approve or deny this claim as enumerated herein were willful, wanton, and with malice to Plaintiff, and with reckless indifference to Plaintiff's rights.

28.     Defendant does not have a reasonable or rational explanation for the continued failure to take action in approving and paying or denying this claim.

29.     As a result of Defendant's actions and failures in approving and paying or denying this claim as enumerated herein, Plaintiff has suffered damages as follows:

a)      Plaintiff has been deprived of the use of the insured contents and itemized articles;

b)      Plaintiff has been deprived of the Policy claim proceeds and suffered economic harm;

c)      Plaintiff has been required to engage legal counsel and incur and pay attorney's fees to collect Policy claim proceeds which rightfully belong to Plaintiff; and,

d)      Plaintiff has incurred other costs in its efforts to collect Policy claims proceeds which rightfully belong to Plaintiff.

WHEREFORE, Plaintiff Gabriel Fontana demands judgment in his favor and against Pacific Indemnity Company in the amount of Seven Hundred Sixty-One Thousand Two Hundred Fifty-Three and 38/100 Dollars ($761,253.38), plus the value of additional stolen insured contents and itemized articles, plus an award of statutory interest, attorney's fees and costs, and punitive damages.  <u>JURY TRIAL DEMANDED</u>.

COUNT II – BREACH OF CONTRACT

29.     Paragraphs 1 through 28 of Plaintiff's Complaint are hereby incorporated by reference as though set forth at length herein.

30. Plaintiff has performed and satisfied in full all of his claim obligations under the Policy.

31. By failing to approve or deny coverage for the aforesaid break in and theft event on January 22, 2018 and make payment in full for said claim to Plaintiff, Defendant is in breach of its contractual obligations under the Policy.

32. As a result of Defendant's breach of contract, Plaintiff has suffered damages as follows:

   a) Plaintiff has been deprived of the use of the insured contents and itemized articles;

   b) Plaintiff has been deprived of the Policy claim proceeds and suffered economic harm;

   c) Plaintiff has been required to engage legal counsel and incur and pay attorney's fees to collect Policy claim proceeds which rightfully belong to Plaintiff; and,

   d) Plaintiff has incurred other costs in its efforts to collect Policy claims proceeds which rightfully belong to Plaintiff.

WHEREFORE, Plaintiff Gabriel Fontana demands judgment in his favor and against Pacific Indemnity Company in the amount of Seven Hundred Sixty-One Thousand Two Hundred Fifty-Three and 38/100 Dollars ($761,253.38), plus the value of additional stolen insured contents and itemized articles, plus interest, attorney's fees and costs.  <u>JURY TRIAL DEMANDED</u>.

Respectfully Submitted,


*/s/ Matthew L. Kurzweg*
Matthew L. Kurzweg, Esquire
PA.ID. #76462

Kurzweg Law Offices
525 William Penn Place
28th Floor
Pittsburgh, PA 15219
Phone: (412) 258-2223
Fax:    (412) 774-3001
Mkurzweg@kurzweglaw.com

7