IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABRIEL FONTANA, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 18-516 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| PACIFIC INDEMNITY COMPANY, | ) Re: ECF No. 14 |
| | ) |
| Defendant. | ) |

## OPINION

This is an action filed by Plaintiff Gabriel Fontana ("Plaintiff"). Presently before this Court is a Motion to Dismiss filed by Defendant Pacific Indemnity Company ("Defendant"). ECF No. 14. For the following reasons, the Motion to Dismiss will be denied.

### I. PROCEDURAL HISTORY

Plaintiff initiated this action on April 23, 2018. ECF No. 1. Plaintiff filed the operative Amended Complaint on July 11, 2018. ECF No. 14. Therein, he raised two claims: statutory bad faith and breach of contract. Id. On July 23, 2018, Defendant filed the instant Motion to Dismiss and a Brief in support. ECF Nos. 14-15. On August 14, 2018, Plaintiff filed a Brief in opposition to the Motion to Dismiss. ECF No. 18. On August 27, 2018, Defendant filed a Reply Brief. ECF No. 19. The Motion to Dismiss is now ripe for consideration.

### II. FACTUAL BACKGROUND

In the Amended Complaint, Plaintiff makes the following allegations. Defendant issued to Plaintiff an insurance policy (the "Policy") which, *inter alia*, insured the contents of Plaintiff's residence and other itemized articles located at that premises. ECF No. 10 ¶¶ 6, 8. The effective period for the Policy was from September 6, 2017, to September 6, 2018. Id. ¶ 7. On or about

January 22, 2018, the insured premises was broken into and insured contents and itemized articles were stolen from the premises. Id. ¶¶ 9-10.

Plaintiff made a claim against the Policy for his covered losses from the theft. Id. ¶ 12. Defendant acknowledged receipt of the claim on January 23, 2018. Id. ¶ 13. Plaintiff filed a police report but has not recovered any of the stolen items. Id. ¶ 14. Plaintiff has fully cooperated with Defendant in the processing of his claim, including providing extensive supporting documentation. Id. ¶¶ 15-17.

On April 3, 2018, Defendant requested that Plaintiff submit a Sworn Statement in Proof of Loss. Id. ¶ 19. Also on April 3, 2018, Defendant requested additional information, an authorization and advised Plaintiff that it would take his examination under oath on May 8, 2018. Id. On May 2, 2018, Plaintiff, through counsel, offered to sit for either a sworn examination under oath or a deposition in the context of this bad faith litigation, but not both. Id. ¶ 20. Plaintiff, through counsel, also objected to some of the April 3, 2018, requests for production of documents. Id. ¶ 21.

On June 2, 2018, Plaintiff submitted to Defendant his Sworn Statement in Proof of Loss. Id. ¶ 23. Therein, he itemized property losses of $857,784.18. Id. ¶ 24. Defendant acknowledged receipt of Plaintiff's Sworn Statement via correspondence dated June 21, 2018. Id. ¶ 25. In that correspondence, Defendant advised Plaintiff that it "neither accepts nor rejects" the Sworn Statement and that its investigation is "ongoing." Id.

## III. STANDARD OF REVIEW

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on

its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

## IV. DISCUSSION

Plaintiff asserts two claims: statutory bad faith and breach of contract. Defendant does not argue that Plaintiff's allegations supporting these claims are insufficient. Rather, in support of its Motion to Dismiss, Defendant "presents a single legal issue to the Court: whether Plaintiff failed to comply with the conditions of the Policy when he objected to [Defendant's] requests that he produce evidence about his potential motive and opportunity to commit insurance fraud during the course of [Defendant's] investigation of his claim." ECF No. 19 at 1. This argument is inapposite to a motion to dismiss.

As this Court explained in James v. State Farm Mut. Auto. Ins. Co., Civ. A. No. 10-1482, 2011 U.S. Dist. LEXIS 199846, at *12-13 (W.D. Pa. 2011), upon disposing of a motion to dismiss based upon a similar argument, "[w]hether [a] claim is precluded by the terms of the insurance contract or whether there are conditions precedent which must be satisfied before [a plaintiff] may recover on that claim under the terms of the insurance policy are matters yet to be determined. [The] motion to dismiss is therefore denied without prejudice and the argument may be raised again at an appropriate time in the future."

The same result is warranted in this case.

## V. CONCLUSION

For the foregoing reasons, the Motion to Dismiss, ECF No. 14, will be denied without prejudice and the argument raised therein may be raised at an appropriate time in the future.

An appropriate Order follows.

## **ORDER**

AND NOW, this 2nd day of October, 2018, IT IS HEREBY ORDERED that the Motion to Dismiss, ECF No. 14, be DENIED without prejudice to Defendant's ability to raise the underlying argument at an appropriate time in the future.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM-ECF